# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3574

_____

| | | |
|---|---|---|
| Eddie Risdal, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | Southern District of Iowa |
| | * | |
| John Mathes, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 15, 2003
Filed: August 13, 2003

_____

Before BOWMAN, BYE, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

ERICKSEN, District Judge.

Appellant Eddie Risdal is no stranger to this court. Since his second and third-degree sexual abuse convictions were affirmed by the Iowa Supreme Court in l987, Risdal has filed numerous state and administrative actions and, by our count, 14 federal actions. The question presented in this appeal is whether the Iowa State Court's response to Risdal's litigiousness made the state court inaccessible to him,

_____

[1]The Honorable Joan N. Ericksen, United States District Court Judge for the District of Minnesota, sitting by designation.

thereby relieving him of the obligation to exhaust state remedies before pleading his case in federal court. The district court, The Honorable Ronald E. Longstaff, found that Risdal had an available, non-futile remedy in state court, which he had failed to exhaust, and granted Mathes motion for summary judgment.

Risdal's current complaint challenges the disciplinary loss of good time imposed following a January l8, 2002, search of his prison cell. Risdal did not file any action in state court, but rather brought his complaint directly into federal court. His proffered justification for entirely bypassing the state court arises out of an order issued in one of his previous post-conviction actions.

In 2000, Risdal applied in Iowa State Court for post-conviction relief based on two prison disciplinary reports. Iowa Rules of Civil Procedure 1.413(2) provides:

> "If a party commencing an action has in the preceding five-year period unsuccessfully prosecuted three or more actions, the court may, if it deems the actions to have been frivolous, stay the proceedings until that party furnishes an undertaking served by cash or approved sureties to pay all costs resulting to opposing parties to the action including a reasonable attorney fee."

Invoking this rule, Lee County District Judge Fahey found that Risdal had filed three or more frivolous lawsuits, and stayed Risdal's post-conviction action until Risdal posted a bond of $426.77. Risdal's writ of certiorari to the Iowa Supreme Court was denied. He then filed a federal habeas campus challenge to the disciplinary reports, which was pending at the time of the summary judgment order in this case. Judge Fahey, in addition to requiring the bond, imposed a two-year period of

monitoring of Risdal's lawsuit filings. Specifically, Risdal was ordered for any action prior to February 14, 2002, to serve opposing parties with notice of his intent to file, a copy of the intended pleading, and a certified copy of Judge Fahey's order. The Clerk of Court was directed to bring those materials to the attention of the presiding judge, who would then issue an order "regarding the amount, if any" that Risdal would be required to furnish in a bond before filing the suit. The order demonstrates, as the District Court observed, that it would be contingent upon the court in each case to determine whether Risdal should be required to post a bond before proceeding with that case, and it is possible that no bond at all would be required. No bond had actually been required of Risdal in connection with the instant Complaint. We therefore agree with the District Court that the bond provision in Judge Fahey's order did not relieve Risdal of the exhaustion requirement of 22 USC §2254.

Risdal also argues on appeal that the requirement that he obtain and mail copies, including a certified copy of the Judge Fahey order, presents an insurmountable financial burden. This argument was not addressed in the District Court's order, but is easily disposed of. Risdal relies on Carter v. Estelle, 677 F.2d 427 (5th Cir. 1982). This reliance is unavailing. Carter addressed state court procedures for exhaustion that are "so cumbersome, complex, and confusing that they frustrate good faith attempts to comply with them." The notification requirements under which Risdal was ordered to operate were very minor. More importantly, if Risdal had attempted exhaustion, he might have been able to avail himself of Iowa Code §610A.1(2)(2001), which permits costs to be waived if an inmate has

insufficient means.  He might also have been able to afford to copy and mail Judge Fahey's order.

Risdal's argument that he must be relieved of any procedural requirement that has any economic impact – however slight – or be permitted to take his complaints directly to federal court,  is unavailing.

The judgment of the District Court is AFFIRMED.

A true copy.

ATTEST:

CLERK, U.S. CO URT OF APPEALS, EIGHTH CIRCUIT.